U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2010 DEC 22 P 1: 38
JON W. SANFILIPPO
CLERK

Patricia A. Gengler )
)
)
)
)
)
~~(Full Name of Plaintiff or Plaintiffs)~~ )
         Petitioner )
     vs )
CAPITAL ONE BANK USA NA )
)
FKA CAPITAL ONE BANK )
)
A FOREIGN CORPORATION )
)
)
~~(Full Name of Defendant or Defendants)~~ )
         Respondent

No. **10-C-1151**
(Supplied by Clerk)

**COMPLAINT**

I. PREVIOUS LAWSUITS

   A. Have you begun other lawsuits in state or federal court relating to the same occurrence involved in this action?
     ☐ YES      ☒ NO

   B. Have you begun other lawsuits in state or federal court?
     ☐ YES      ☒ NO

   C. If your answer to A or B was YES, provide the requested information below. If there is more than one lawsuit, describe each additional one on a separate sheet of paper, using the same outline.

     1. Parties to the previous lawsuit

     Plaintiff(s) _____

     Defendant(s) _____

     2. Court in which lawsuit brought (if federal court, name district: if state court, name the county)

3. Docket number _____

4. Current status (for example: Was the case dismissed? Was it appealed? Is it still pending)?
   _____
   _____

5. Approximate date of filing lawsuit _____

6. Approximate date of disposition _____

## II. PARTIES

A. Your name (PLAINTIFF) Patricia A. Gengler

B. Your Address c/o S86W30643 Stonegate Drive; Mukwonago, Wisconsin [53149]

(If there is more than one plaintiff, use the margin for extra space if you need it. List the address only if it is different from the address listed above).

C. DEFENDANT (name) CAPITAL ONE BANK USA NA; FKA CAPITAL ONE BANK; A FOREIGN CORPORATION

D. Defendants address 140 E SHORE DRIVE 12017-0380; GLENN ALLEN, VA 23059

E. Additional DEFENDANTS (names and addresses) _____
KOHN LAW FIRM; 312 EAST WISCONSIN AVE; SUITE 501; MILWAUKEE, WI 53202

## III. STATEMENT OF CLAIM (follow instructions carefully)

State briefly as possible the *essential facts* of your case. Tell what each defendant did to you that caused you to file this suit against them. If you are complaining about more than one wrong, use a separate *numbered* paragraph for each wrong, and describe each wrong in that paragraph and only that paragraph. State only the facts. *Do not give any legal theories or arguments, do not cite any cases or statutes. Do not feel you have to use all the space.* USE NO MORE THAN THE SPACE PROVIDED. THE COURT STRONGLY DISAPPROVES OF STATING CLAIMS OUTSIDE THE SPACE PROVIDED.

Begin statement of claim: Petitioner is seeking review from this honorable court for the following independent, and non-inextricably intertwined issues that the Waukesha County Circuit Court, Wisconsin Court of Appeals as well as the Wisconsin Supreme Court have all erred in their applications of the law and procedure when handling this issue.

These stand alone non-damaging issues of error, damages not caused by the judgment itself, presented by Appellant are not inextricably intertwined with the basis and fundamentals of the state case itself. Instead Petitioner shows simple non-damaging error, which any single issue would be enough, to give this Federal Court, as a court of appeal, jurisdiction to remand this case back to the circuit court for proceedings concurrent with this Federal Courts legal and lawful finding.

1. The Waukesha County Circuit Court, Wisconsin Court of Appeals and Wisconsin Supreme Court had legal and statutory obligations to vacate an unjust and incorrect judgment/award against Petitioner and failed/refused to do so.
2. The Waukesha County Circuit Court, Wisconsin Court of Appeals and Wisconsin Supreme Court had a legal and statutory obligation to review an unjust and incorrect judgment against Petitioner.
3. A hearing was initially granted by the Waukesha County Circuit Court to review the errors made by the court, but was later denied before hearing could take places after receiving a letter from the Respondent's attorney suggesting that Petitioner was requesting a De Novo review. Appellant did not ask for a de novo review by neither word nor statute. Attempts to have the Waukesha County Circuit Court review/remedy their denial due to de novo was met with silence.
4. The Waukesha County Circuit Court allowed the Respondent's attorneys to garnish Petitioner's spouse although the court had legal and statutory obligation to review/vacate judgment.
5. Petitioner believes that the Waukesha County Circuit Court's, Wisconsin Court of Appeals' and Wisconsin Supreme Court's intentional ignoring and violating the rights of Petitioner could be due to Petitioner's spouse being involved in a state tax case with the Waukesha County Circuit Court.

Issue #1

The Waukesha County Circuit Court, Wisconsin Court of Appeals and Wisconsin Supreme Court erred in their failure/refusals to vacate what both state and federal statutes, citations, rules and precedence says must be vacated.

Respondent filed suit against Petitioner in the Waukesha County Circuit Court Small Claims (Case No. 2009SC02136) in April of 2009 after making a claim to Petitioner that Petitioner owed Respondent money. Petitioner had made written demand for validation of the alleged debt pursuant to Petitioner's rights under the Fair Debt Collection and Practices Act prior to the suit and was completely ignored by Respondent.

Civil Rights Complaint
Pro Se Form
Page 6

## STATEMENT OF CLAIM CONTINUED

Although there is no contract, no arbitration clause or validation of debt ever produced by Respondent, a Waukesha County Court Commissioner attempted to force Petitioner into arbitration anyhow. Petitioner notified the court and the Respondent via written affidavit that Petitioner refuses and will not participate in arbitration, but Court Commissioner proceeded in bad faith anyhow.

In "manifest disregard" for the law, the arbitrator disregarded applicable law and applied special standards by awarding judgment to the Respondent. The arbitrator is not free to use his/her own judicial discretion but must consider and apply the law.

Not only was the judgment/award given to the Respondent in manifest disregard for the law, but it was also awarded without the requirements of witness testimony. The Respondent's attorney did provide an affidavit from an employee of the Respondent to identify herself as a records custodian. This witness claimed that Petitioner owed Respondent money, but also was not able to identify the existence of any contract between Petitioner and Respondent. Furthermore, the alleged witness lacked any firsthand knowledge of a purported contact nor was the alleged witness a party to any contract between the Petitioner and Respondent and therefore Waukesha County Circuit Court could not consider this alleged witness competent to the facts in this case.

### Issue #2

The Waukesha County Circuit Court, Wisconsin Court of Appeals and Wisconsin Supreme Court erred in their failure/refusals to review an incorrect and unjust judgment awarded by an arbitrator in manifest disregard of the law.

Petitioner requested a judicial review with the Waukesha County Circuit Court for the purpose of correcting, modifying and/or reversing the arbitration award pursuant to Wisconsin law. A hearing was initially granted by the court but later rescinded, before a hearing could take place, the court received a letter from the Respondent's attorney suggesting that Petitioner was requesting a De Novo review. Petitioner clearly did not ask for a De Novo review and Petitioner made two separate written attempts to the court to clarify that Petitioner's request was for judicial review and was in fact not a De Novo review, but the court completely ignored Petitioner and failed to act or respond.

Petitioner also demanded her rights to a Rehearing/Vacate pursuant to state and federal law, but again was ignored by the Waukesha County Circuit Court without findings of facts or conclusions of law.

### Issue #3

While the Waukesha County Circuit Court, Wisconsin Court of Appeals was ignoring all written correspondence from Petitioner, the Respondent was successful in getting the court to issue a garnishment order to garnish money from Petitioner's spouse. Petitioner filed three separate Motions to Stay, all of which were prescribed by law, however they were repeatedly and consistently denied and never considered by the court.

Civil Rights Complaint
Pro Se Form
Page 7

## STATEMENT OF CLAIM CONTINUED

This is a clear example of the intentional violation of Petitioner's rights when several motions, that are correctly applied and prescribed by law, are ignored by the court. Yet the court responds almost immediately to the Respondent's attorney's request to garnish.

Issue #4

The Wisconsin Court of Appeals and Wisconsin Supreme Court erred in their failure/refusals to review an incorrect and unjust judgment awarded by an arbitrator in manifest disregard of the law.

Petitioner appealed to the Wisconsin Court of Appeals, however since Petitioner relied upon state and federal law to get the Waukesha County Circuit Court to correct their mistakes, the Wisconsin Court of Appeals denied Petitioner's appeal stating the 90 day period from which the docket entry for the judgment had expired.

Petitioner motioned the Wisconsin Court of Appeals to reconsider their position for the fact that Petitioner followed the prescribed procedure for correcting an incorrect judgment/award to allow the Waukesha County Circuit Court the ability to correct its own error. Furthermore, it has been made clear federal statutes, citations, rules and precedence that a judgment that has been awarded in error is patently void. Any judgment that is void is unenforceable and can be challenged or attacked without regard to time. The statutory 90 day timeframe identified by the Wisconsin Court of Appeals is irrelevant and without merit in regards to this issue since the judgment was awarded in error and therefore void and unenforceable.

The Wisconsin Court of Appeals showed no interest in correcting any errors made by the Waukesha County Circuit Court by denying to address the issues presented by Petitioner. The Wisconsin Court of Appeals only replied back with a blanket statement indicating that whatever paperwork the Petitioner would file or submit would automatically be denied without consideration.

Petitioner also petitioned the Wisconsin Supreme Court for review to correct the errors made by the state's lower courts; however the Wisconsin Supreme Court denied the opportunity to do so.

Petitioner believes that the Waukesha County Circuit Court's, Wisconsin Court of Appeals' and Wisconsin Supreme Court's intentional ignoring and violating the rights of Petitioner could be due to Petitioner's spouse being involved in a state tax case with the Waukesha County Circuit Court.

Issue #5

Petitioner's spouse is involved in an ongoing state tax case with the Waukesha County Circuit Court where Petitioner's spouse has had multiple state and federal constitutional right violations from the Waukesha Court that Petitioner's spouse has been litigating.

### END STATEMENT OF CLAIM

Since Petitioner's spouse has had problems getting the Wisconsin state courts to address the violations committed with his situation; Petitioner believes that is reasonable to assume that the efforts by the Wisconsin Courts to ignore/violate Petitioner's rights are coming as result of activities stemming from Petitioner's spouse's case.

IV. **RELIEF YOU REQUEST**

State exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. DO NOT USE THIS SPACE TO STATE THE FACTS OF YOUR CLAIM. USE IT ONLY TO REQUEST REMEDIES FOR THE INJURIES YOU COMPLAIN ABOUT. Use only the space provided. The court strongly disapproves of requesting remedies outside the space provided.

Petitioner has exhausted all available remedies with the Wisconsin State Courts to have them correct the errors made against the rights of Petitioner. The same Wisconsin Courts have made the decision to ignore and side step the existence of these issues. This leaves the Petitioner with no other recourse at this moment. Petitioner requests that this honorable court review this filing and accept this case to correct some very simple Wisconsin State Court errors.

Upon this the US District Court Eastern District of Wisconsin finding that an error has occurred by the Wisconsin Courts, the Petitioner would like this issue vacated OR remanded to be vacated with the Circuit Court of Waukesha County.
AS WELL AS
To have this issue remanded for further proceedings in light of the lawful and legal findings of this honorable court.

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this __14__ day of __December__, __2010__.  *Patricia A. Glenh*

(Signature of Plaintiff(s))